UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE DANCLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-02079-TAB-JMS |
| ) | |
| CAROLYN W. COLVIN Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Renee Dancler applied for disability benefits and supplemental income alleging disability beginning September 30, 2009, due to degenerative disc disease of the lumbar spine and cervical spine, hip pain, depression, and hypertension. On May 27, 2014, the ALJ issued a decision denying Dancler benefits, and the Appeals Council denied review. This appeal followed.

Dancler raises two issues on appeal. First, Dancler alleges the ALJ failed to discuss the impact of her severe migraines and headaches on her ability to perform and maintain employment. Second, Dancler alleges the ALJ erroneously relied on her alleged noncompliance with treatment recommendations in denying benefits. The Court agrees with Dancler on both fronts. As explained in more detail below, the ALJ essentially ignored the significant evidence in the record of Dancler's severe migraines and headaches. In addition, the ALJ impermissibly questioned Dancler's credibility for not being entirely compliant in taking prescribed medications, without even exploring the underlying reasons for such noncompliance. These errors require remand.

The ALJ makes only two passing references to Dancler's severe migraines and headaches. In discussing Dancler's symptoms, the ALJ references her "migraines." [R. at 26.] And in evaluating the evidence, the ALJ notes that in September 2010, Dancler presented to the hospital and her complaints included "a headache." [R. at 27.] By curtailing his analysis in this way, the ALJ ignored an abundance of records in the evidence documenting Dancler's suffering from these migraines. Dancler completed a headache questionnaire in which she noted having terrible headaches since she was a child. [R. at 489.] Her headaches are caused by stress, heat, and noise. She experiences sensitivity to light and noise as well as blinding pain in both temples, the back of her head, and behind her eyes. She has headaches every few days, lasting thirty minutes to an hour, and takes Tylenol or ibuprofen and lies down to treat them. At the hearing, Dancler also testified she has sharp pain behind her right eye just about every day for which she has to lay down in a dark room until it subsides. [R. at 151.] Dancler sought treatment and reported her problems with these headaches throughout the record. [R. at 480, 484, 506, 581, 591, 756, 762, 854, 925, 940, 961, 1106, 1133, 1161, 1174, 1227, 1262, 1278, 1288, 1360.] No doctor has questioned the validity or credibility of Dancler's descriptions and frequency of her headaches, nor is there otherwise evidence to discredit or contradict Dancler's headaches.

Also missing from the decision is any discussion of how and why these migraines would not prevent Dancler from being able to maintain employment. The ALJ addresses each of Dancler's other impairments and the impact they would have on employment, but omits any similar discussion regarding migraines. This is error. *See Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014) ("The fact that the headaches standing alone were not disabling is not grounds for the ALJ to ignore them entirely—it is their impact in combination with Yurt's other impairments that may be critical to his claim."); *see also Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) ("the

2

ALJ's analysis of the evidence related to Moon's migraines is not logically connected to his determination of her residual functional capacity"); *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir. 2004) ("Notably absent from the ALJ's order is a discussion of how Indoranto's headaches and blurred vision affected her ability to work.").

The ALJ's two solitary mentions of Dancler's headaches demonstrates that an appropriate discussion and analysis of the evidence is lacking and warrants remand. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (per curiam) ("we cannot uphold an administrative decision that fails to mention highly pertinent evidence."). An ALJ must sufficiently articulate his assessment of evidence to assure that the important evidence was considered. Otherwise, the minimum level of articulation is not satisfied and reversible error results. *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993).

Defendant cannot rely upon harmless error to cure this evidentiary defect. Resort to harmless error is inappropriate unless the reviewing court is "satisfied that no reasonable trier of fact could have come to a different conclusion, in which even a remand would be pointless." *Sarchet v. Carter*, 78 F.3d 305, 309 (7th Cir. 1996). The ALJ failed to properly address the evidence of record supporting the possibility of equaling a listing, instead erroneously concluding that no such evidence exists.

The ALJ either misstated or misunderstood the medical evidence. As a result, the ALJ failed to present a complete picture of Dancler's limitations from all of her impairments to the vocational expert at the hearing in ignoring the evidence of her severe migraine headaches. Thus, the ALJ failed to account for Dancler's frequent headaches in terms of the impact they have on her ability to work, and remand is necessary.

The Court now turns to Dancler's contention that the ALJ erroneously relied on her alleged noncompliance with treatment recommendations in denying benefits. The ALJ twice made reference to this. First, in discussing Dancler's diabetes, the ALJ wrote, "the record clearly documents that the claimant has issues with failure to comply with treatment." [Filing No. 27.] Second, in discussing Dancler's credibility, the ALJ stated, "In addition, there is evidence that the claimant has failed to be entirely compliant in taking prescribed medications, which suggest that her symptoms may not have been as limiting as she has alleged." [R. at 31.]

While a history of sporadic treatment can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference. *Moss v. Astrue*, 555F.3d 556, 562 (7th Cir. 2009); SSR 96-7p. In the instant case, there is documentation throughout the entire evidentiary record regarding Dancler's noncompliance with medication and treatment. For much of the time that she was noncompliant with treatment she had no health insurance and could not afford it. [R. at 572, 605.] It was also noted time and again that she has financial problems and cannot afford expensive medications, evaluations, blood level strips, insulin needles, or laser treatment for her vision. [R. at 572, 669, 672, 728, 742, 774, 775, 1371.] There also is evidence in the record that Dancler did not take several medications due to the side effects she suffered with them. *See examples in Dancler's brief.* [Filing No. 12 at p. 27.] The ALJ's complete failure to explore why Dancler failed to follow through with recommended treatment requires remand so that the ALJ can properly assess Dancler's credibility.

As set forth above, the ALJ failed to discuss the impact of Dancler's severe migraines and headaches. This evidence is significant and substantial, and the ALJ's failure to address this is not harmless. In addition, the ALJ's failure to explore the reasons for any noncompliance by

Dancler in taking prescribed medications undermines the ALJ's creditability analysis. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and this case is remanded for further consideration. Dancler's brief in support of appeal [Filing No. 12] is granted.

Dated: 10/27/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.